J. W. WRIGHT, Adm'r. v. ALEXANDER B. MORGAN.

MORTGAGE. *Fraud. Usury.* A executed his note for $600, and appended a paper as a part thereof, by which he " obligates his farm, bounded, etc.," for its payment. The note included usury, not apparent upon its face, and the paper attached was procured by fraud.

*Held,* admitting its validity in form as a mortgage, it was void for this reason, but the holder, to whom it was assigned after maturity, was entitled to recover the amount actually received with lawful interest.

FROM OVERTON.

Appeal from the Chancery Court. W. W. GOOD-PASTURE, Chancellor.

J. D. GOODPASTURE, J. H. WINDLE and A. H. LUSK for complainant.

R. S. WINDLE, GARDENHIRE and BARNES, for defendant.

DEADERICK, J., delivered the opinion of the Court.

Overstreet held a note of $600 on Morgan, and assigned it after it fell due to Wyatt, intestate of complainant. Wyatt filed his bill in the Chancery Court of Overton County, claiming that the note was due, and unpaid, and that he held a mortgage on defendant's land for its security. Appended to, and as part of the note, is the condition, that if Morgan "fails to pay the above note," he "obligates his farm, bounded

by B. L. Dougherty's land on the south side, B. Anderson's on the east, H. W. Smith's on the north, and Obeds river on the west. Even if the paper were valid in form as a mortgage, it was obtained by fraud, and would, upon this ground, be void.

The note sued on contained usurious interest, which Overstreet had charged defendant upon a loan of $300, made September 5, 1860. The Chancellor allowed the complainant $300, the amount originally loaned, and lawful interest thereon, which we think was correct; but he also declared that the note, with its conditions, constituted a valid mortgage on defendant's land, and in this we are of opinion he erred.

In this respect, therefore, the Chancellor's decree will be reversed and a decree entered here for complainant against defendant, for the $300 and interest at six per cent thereon from September 5, 1860, and complainant will pay all the costs of this Court and of the Chancery Court.